Baxter *v.* Ellis.

———◆———

WILLIAM H. BAXTER *vs.* ERVIN R. ELLIS & another.

The indorsee of a negotiable promissory note given for intoxicating liquors sold in violation of law, is presumed to be the " holder " thereof " for a valuable consideration and without notice of the illegality of the contract."

The payee is a competent witness to overcome that presumption.

In an action by the indorsee against the makers of such a note, the makers are not competent witness to prove its illegal inception until notice of such illegality or its equivalent is brought home to the plaintiff.

Baxter *v.* Ellis.

The declarations of the payee are not admissible to prove himself the holder after its maturity, unless it affirmatively appears that he held the note when he made the declarations.*

ON REPORT.

ASSUMPSIT on a negotiable promissory note, dated February 13, 1866, signed by Ervin R. Ellis and W. K. Bickford, promising that " on the first day of August, after date, as copartners " " to pay to the order of Isaac Barnum, two hundred and fifty dollars, value received." The note was indorsed by the payee.

*Isaac Barnum* (payee), called by the defendants, testified substantially, that some time after the great fire of July 4, and before August 1, 1866, he sold the note to the plaintiff, taking the latter's check for $230, which he has never collected; that the note originated from a sale of the witness's victualing stock and trade, including about $1,000 worth of intoxicating liquors, of American manufacture, such as are usually kept in restaurants, to the defendants; that defendants paid part money, and the remainder in two notes amounting to $1,300 or $1,400; that when they became due they were sued, and a settlement took place in which the witness received two notes of the same amount, one of which is the note in suit; that witness did not inform the plaintiff concerning the consideration of the note.

*W. K. Bickford* (one of the defendants), called by the defendants, testified concerning the origin of the note in suit, substantially as Barnum testified; that witness conversed with Barnum after the note became due and payable, when Barnum told witness that he (Barnum) then held the note, after August 1, 1866.

The plaintiff seasonably objected to all testimony from either Barnum or Bickford tending to impeach the note as given for an illegal consideration, and to all Bickford's evidence relative to Barnum's declarations.

Thereupon the case was withdrawn from the jury and submitted

---

* Even then they would seem to be immaterial. See *Field* v. *Tibbetts*, on a subsequent page of this volume.

on report to the full court, who were to enter such judgment as the law and facts found by them from the legal evidence may require.

*W. L. Putnam*, for the plaintiff.

*Deane & Verrill*, for the defendants, cited *Spring* v. *Lovitt*, 11 Pick. 417; *Sylvester* v. *Crapo*, 15 Pick. 92; *Harris* v. *Brooks*, 21 Pick. 195; *Buck* v. *Appleton*, 14 Maine, 284; *Woodman* v. *Churchill*, 52 Maine, 58; also, Greenl. on Evid., § 385; *Thayer* v. *Crossman*, 1 Met. 416, and cases *infra*. Laws of 1858, c. 33, § 27. *Hay* v. *Parker*, 55 Maine, 355.

DANFORTH, J.   The provisions of ch. 33, § 27, Pub. Laws of 1858, do not " extend to negotiable paper in the hands of any holder for a valuable consideration, and without notice of the illegality of the contract." From this limitation in the act referred to, it follows that negotiable paper given for intoxicating liquors, in the hands of an indorsee, is subject to the same principles of law as are applicable to any other negotiable paper to which there is a defense in the hands of the payee.

The indorsee is presumed to be an innocent holder for value until the contrary is proved, or fraud or illegality in the consideration is shown.   In the case at bar, Barnum and Bickford being parties to the note, are not competent witnesses to prove its illegal origin, until notice of that illegality, or its equivalent is brought home to the plaintiff.   *Thayer* v. *Crossman*, 1 Met. 416.   Without their testimony there is no proof as to the origin of the note.   The burden of proof, then, is upon the defendant to show that plaintiff is not an innocent holder for value.   For this purpose, Barnum is a competent witness; but his declarations as testified to by Bickford, that he sold the note after it was payable, must be excluded, as it does not appear that at the time they were made he had the note in his possession.   If he is to be believed, the plaintiff is an innocent holder.   If he is not to be believed, as contended by defend-

ant's counsel, then there is no testimony upon this point, and he is entitled to the presumption of law in his favor.

> *Judgment for plaintiff for the amount due upon the note.*

APPLETON, C. J.; WALTON, DICKERSON, and BARROWS, JJ., concurred.